**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-51156
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRUCE ALLEN MCCOWAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-63-ALL

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Bruce Allen McCowan entered a conditional guilty plea to a federal indictment charging him with possession with intent to distribute five or more grams of a mixture and substance containing crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and received a within-guidelines sentence of 92 months in prison to be followed by five years of supervised release. On appeal, McCowan challenges the sentence imposed, asserting that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred by not considering a purported breach of a state nonprosecution agreement and his fulfillment of that agreement in determining his sentence.

To the extent that McCowan contends that the district court erred by not granting a downward departure, we lack jurisdiction to consider this issue, as there is no indication in the record that the district court mistakenly believed it did not have authority to depart. *See United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006); *United States v. Lucas*, 516 F.3d 316, 350 (5th Cir.), *cert. denied*, 129 S. Ct. 116 (2008). To the extent that McCowan argues that the district court abused its discretion by not reducing his sentence pursuant to 18 U.S.C. § 3553(a), his argument is unavailing. It is clear from the record that the district court heard and considered McCowan's arguments prior to imposing a sentence as well as conflicting testimony about whether McCowan actually fulfilled his duties under the agreement and whether McCowan himself breached the agreement. We find no abuse of discretion in the court's decision not to reduce McCowan's sentence below the presumptively reasonable guidelines range. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

McCowan also argues that the district court erred in not considering any remedy, in particular equitable relief, for the detective's alleged breach of the nonprosecution agreement. State immunity agreements do not bind federal prosecutors who have not authorized the agreements. *United States v. Roberson*, 872 F.2d 597, 611 (5th Cir. 1989). McCowan provides no binding authority to suggest that the district court was otherwise required to remedy his sentence as a matter of equity. Moreover, as discussed above, the district court fully considered, but ultimately implicitly rejected, McCowan's request for a reduced sentence based on the nonprosecution agreement. We decline to disturb the district court's sentence on this basis. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

Accordingly, the judgement of the district court is AFFIRMED.